FILED

2010 Jan-27  PM 03:07
U.S. DISTRICT COURT
N.D. OF ALABAMA



## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| SARAH COLLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 09-G-1012-NE |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## <u>MEMORANDUM OPINION</u>

The plaintiff, Sarah Collins, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security Benefits.  Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner.  Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied.  <u>Bloodsworth v. Heckler</u>, 703 F.2d 1233, 1239 (11th Cir. 1983).  To that end this

court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence."  Bloodsworth, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Bloodsworth, at 1239.

## DISCUSSION

The court has carefully reviewed the record and finds that the decision of the ALJ must be remanded for further development of the record.  In his decision the ALJ found the plaintiff suffered from the following severe impairments: Bipolar disorder, fibromyalgia, hypertension, and Meniere's disease.  Record 14.  The ALJ noted in his decision that the Commissioner's consultative examiner, Dr. Ismail, diagnosed the plaintiff as having fibromyalgia.  Record 15.  The ALJ found that based upon the plaintiff's diagnosis of fibromyalgia, she met the pain standard.  Record 18.  However he refused to credit the plaintiff's pain testimony.

The ALJ's credibility determination contains the following:

> The claimant must present more than her own subjective complaints and a mere diagnosis of fibromyalgia is insufficient.  Medical sources must provide statements regarding limitations after prolonged periods of treatment.

Record 18-19.  The ALJ cites no authority for his requirement of statements from medical sources in fibromyalgia cases and the court knows of no such requirement.  To the contrary the Eleventh Circuit Court of Appeals has recognized it is improper for an ALJ to discredit the plaintiff's allegations of disabling fibromyalgia pain because of a lack of objective evidence in the record.  In Stewart v. Apfel, the court reversed an ALJ's decision to discredit

2

the plaintiff "based in part on the lack of objective evidence of record" because "fibromyalgia by its very nature lacks objective evidence...." 245 F.3d 793, 2000 U.S. App. Lexis 33214, at *9, n. 4 (11th Cir. December 20, 2000) (unpublished decision).  In the present case the ALJ clearly based his decision not to credit the plaintiff primarily on the lack of objective evidence.

   This is not a case such as <u>Moore v. Barnhart</u>, where the ALJ relied on the plaintiff's description of her daily activities to discredit her.  405 F.3d 1208,1212 (11th Cir. 2005)(distinguishing <u>Stewart</u> because "absence of laboratory evidence" was not the basis for the ALJ's refusal to credit the claimant).  In discrediting the plaintiff the ALJ relied exclusively upon the lack of objective medical evidence:

> The claimant has alleged disabling pain secondary to fibromyalgia.  The medical evidence does not otherwise confirm this diagnosis. No doctor has provided proof of such diagnosis and there has been no treatment by rheumatologist.   ... Specifically, the undersigned notes the medical evidence of record does not contain any documental [sic] findings of the clinical signs or symptoms associated with a diagnosis of fibromyalgia, including the requisite 11 of 18 tender points as required by the American College of Rheumatology. However, the medical evidence shows this is a subjective diagnosis with no limitations noted in the record.

Record 19.  The above excerpt essentially represents the ALJ's second guessing of his own consultant's diagnosis of fibromyalgia.  Far from being a proper credibility determination, this represents nothing more than the ALJ finding the plaintiff not credible because of a lack of laboratory evidence to support her subjective complaints.  Because the ALJ had previously

found the plaintiff had fibromyalgia and met the pain standard, there is no other rational interpretation of this portion of his decision.[1]

Because the ALJ applied an incorrect legal standard in his credibility determination, the action must be remanded for further development of the record and for application of the proper legal standards.  If the Commissioner on remand contends the plaintiff does not suffer from fibromyalgia, or that her fibromyalgia does not satisfy the pain standard, any finding to that effect must be based upon proper medical evidence.  In the case of fibromyalgia, such medical evidence should be provided an examination by a board certified rheumatologist.  After properly developing the record the Commissioner shall consider all of plaintiff's impairments in combination in determining whether she is disabled. The court notes that there is extensive medical evidence documenting cervical disc disease in the record.  This evidence includes numerous epidural steroid injections in an attempt to relieve the plaintiff's pain.  On remand such evidence shall be properly considered in determining whether the plaintiff's testimony of disabling pain should be credited.

DONE and ORDERED 27 January 2010.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.

---

[1]  If this was not a credibility determination, it would represent nothing more than an improper finding that the plaintiff did not suffer from fibromyalgia based upon the ALJ's own medical opinions.